No. 32,195

The Citizens State Bank of Humboldt, by Charles W. Johnson, Receiver, *Appellee*, v. W. C. Shaffer, *Appellee*, and Clark O. Works, *Appellant*.

(44 P. 2d 232)

Opinion filed May 4, 1935.

*L. T. Cannon*, of Humboldt, *G. R. Gard* and *Stanley E. Toland*, both of Iola, for the appellant.

*G. M. Lamer* and *W. H. Anderson*, both of Iola, for appellee W. C. Shaffer; *F. G. Apt* and *A. R. Enfield*, both of Iola, for appellee Citizens State Bank.

The opinion of the court was delivered by

Burch, J.: In an action commenced by the Citizens State Bank of Humboldt, as plaintiff, against defendants, W. C. Shaffer and Clark O. Works, two verdicts were returned. We are concerned here with but one of them, which was a verdict in favor of Works and against Shaffer. Charles Wilkerson was a member of the jury. On motion for a new trial, the court set aside the verdict on the ground Wilkerson was related to Works. Works appeals.

The nature of the relationship between Wilkerson and Works was established by affidavits of G. V. Seymour, Ida Seymour and Charles Wilkerson. The relationship is undisputed, and is shown by the following genealogical table:

GENEALOGICAL TABLE

The journal entry of judgment reads:

"The court, after hearing said motion and argument of counsel and being duly advised in the premises, finds that while the juror, Chas. Wilkerson, was remotely indirectly related by marriage to the defendant, Clark O. Works, it was such as compels the court to grant the defendant Shaffer a new trial as between defendant Shaffer and defendant Works, the judgment as between plaintiff and defendant Shaffer to stand. The finding of the court as to such relationship being determined by the facts set forth in the affidavits of G. V. Seymour and Ida Seymour and Chas. Wilkerson.

"It is, therefore, by the court considered, adjudged, ordered and decreed, . . . that the defendant W. C. Shaffer's motion for a new trial be sustained on the ground that the juror Chas. Wilkerson, while remotely indirectly related by marriage to the defendant Clark O. Works, yet such relationship made said juror Chas. Wilkerson incompetent, and overruled as to all other grounds."

The result of the foregoing is, the motion for new trial was sustained on the single ground the juror was incompetent. The juror was not incompetent. (*State v. Hooper,* 140 Kan. 481, 500, 502, 37 P. 2d 52.)

Shaffer presents the cases relating to discretion of the trial judge in granting a new trial. The cases have no application. The court exercised no discretion. The court specified the evidence establishing relationship, and then held the relationship disqualified the juror.

Shaffer's brief presents a number of matters not disclosed by the record, not specified by the court, as forming a basis for its ruling, and excluded by the court from consideration by express specification of the basis for the ruling.

The judgment of the district court is reversed and the cause is remanded with direction to deny the motion for new trial, to reinstate the verdict, and to render judgment pursuant to the verdict